UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>CARMELO R. GONDÁLEZ-ROMAN,<br><br>  Defendant. | Criminal No. 3:15-CR-00063 (JAF) |

**<u>BRIEF MEMORANDUM IN THE NATURE OF ERRATA</u>**

After the court filed the Memorandum in Support of Variance (ECF No. 34) ("Variance Memorandum"), we realized a possible error in calculation of the guideline range González-Roman would have been facing had he been convicted of Count One, interference with commerce by threats or violence under 18 U.S.C. §1951(a). It appears that in that exercise the court may have double counted the brandishing of the firearm with respect to Count One and Count Two – the §924(c)(1)(A)(ii) violation related to Count One.

The court will not recalculate here the guideline range that González-Roman would have faced for a straight plea – which would have included two charges under § 924 (c) requiring a statutory mandatory minimum of twenty-five years, and two charges which fall under U.S.S.G. §2B3.1. Multiple offenses in U.S.S.G. §2B3.1 are excluded from grouping under U.S.S.G. §3D1.2(d) (*See United States v. Ramirez-Burgos*, 114 F.3d 1170, *5 (Table) (1st Cir. 1997), but are "not necessarily preclude[d] [from] grouping

under another subsection." U.S.S.G. §3D1.2(d).  The reader of the sentencing hearing transcript and the Variance Memorandum will note that court need not determine whether grouping of Count One and Count Three would have been proper as any such determination is irrelevant.

Moreover, recalculating the straight plea guideline range is unnecessary because the court included the calculation in the Variance Memorandum for demonstration purposes only.  Obviously, the court did not rely on this calculation contained in the Variance Memorandum when we sentenced González-Roman to 144 months.

During the sentencing hearing, the court calculated a guideline range for carjacking, which was Count Three of the indictment.  There, under the U.S.S.G. §2B3.1(a), we started with a base offense level of 20.  Then we increased two levels under U.S.S.G. §2B3.1(b)(5).  We increased another five levels for brandishing a gun under §2B3.1(b)(2)(C), one level for taking the firearm (§2B3.1(b)(6)), and four levels for abduction of a victim in furtherance of the offense (§2B3.1(b)(4)(A)).  We then took away the five levels for brandishing a gun since he pled to the 924(c).[1]

Nonetheless, we determined González-Roman could have easily ended up with an offense level of 27.  We then decreased by three levels for acceptance of responsibility, giving him an offense level of 24, whereby González-Roman faced 51 to 63 months for the carjacking (Count Three), and a mandatory minimum of 84 months for Count Two

---

[1] This deduction, however, may not have been necessary since he pled to Count Two of the 924(c) which related to the armed robbery in Count One, and it is not double counting to apply the brandishing enhancement here since we calculated it based on Count Three, the carjacking, and we did not then apply the additional time for the second 924(c). *See United States v. McCarthy*, 77 F.3d 522, 536–37 (1st Cir. 1996) (the application of a § 924(c) enhancement on one count and the guidelines brandishing enhancement on remaining counts does not amount to double counting).

(the 924(c) relating to Count One). Thus, at the sentencing hearing, we determined that for just two of the four offenses, González-Roman faced a guideline range of 135 to 147 months.

However, as we have stressed time after time, this is not a typical guidelines case; and *we did not sentence González-Roman based on a computation of the guideline range*. Instead, as the court discussed during the sentencing hearing, and further explained throughout the Variance Memorandum, we applied an upward variance to the mandatory minimum sentence of eighty-four months.

Thus, despite there being a possible error for applying the brandishing enhancement to the calculation performed for Count One in the Variance Memorandum, such error 1) played no part in this court's determination of the imposed 144 month sentence; and 2) is unintended harmless error.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 3rd day of August, 2015.

S/José Antonio Fusté
JOSE ANTONIO FUSTE
U. S. DISTRICT JUDGE
